**UNITED STATES v. COLGROVE et al.**
**Civil Action No. 5992.**

United States District Court
S. D. California, Central Division.
Feb. 14, 1947.

James M. Carter, U. S. Atty., of Los Angeles, Cal., for plaintiff.

Eugene McCann and Walter M. Gleason, both of Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff having filed a complaint for injunction, and having obtained a temporary restraining order issued November 22, 1946, together with an order directed to defendant Chester Walker Colgrove requiring him to appear and show cause why a preliminary injunction should not issue; and the court, upon ex parte motion of defendant Colgrove, having thereafter entered an order dissolving the temporary restraining order and directing that Colusa Remedy Company, a Nevada corporation, be added as a party defendant to the action; and the cause having come on for hearing before the court upon plaintiff's motion for a preliminary injunction as against defendant Colgrove and defendant Colusa Remedy Company, a Nevada corporation; and plaintiff and both defendants having then appeared and offered evidence both oral and documentary; and the court having denied defendant's motion to dismiss the action; and plaintiff's motion for a preliminary injunction having been submitted for decision upon the briefs of the parties, the court now makes the following interlocutory findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.:

Interlocutory Findings of Fact

I. Defendant Colusa Remedy Company at all times mentioned in the complaint has been and is now a corporation organized and existing under the laws of the State of Nevada and doing business in the county of Los Angeles, State of California.

II. Defendants Chester Walker Colgrove and Colusa Remedy Company are engaged in the business of producing, manufacturing, compounding and assembling into capsule form for internal use, and in liquid form for external use, a product called "Colusa Natural Oil," which they have heretofore and are now introducing and delivering for introduction into interstate commerce to be used as a drug.

III. Defendants have heretofore and are now, by the use of various advertising media, prescribing, recommending and suggesting to the general public that their product, "Colusa Natural Oil," in both capsule and liquid form, is a medicine to be used in the treatment of psoriasis, eczema, leg sores, leg ulcers and athlete's foot.

IV. Defendants have heretofore and are now introducing and delivering for introduction into interstate commerce their product known as "Colusa Natural Oil," in both capsule and liquid form, with labels which do not bear adequate directions for the use thereof in the treatment of the conditions, ills and diseases for which defendants, in their advertising, prescribe, recommend and suggest its use.

V. The labels which defendants have heretofore and are now attaching to containers of their product in liquid form for introduction and delivery for introduction into interstate commerce are in the words and figures following:

"Colusa
"Natural Oil
"A Natural Unrefined
"Petroleum Oil

"Directions: Apply to affected parts and rub it in thoroughly morning and night. For open sores saturate cotton pad with oil and bind on by gauze. Change to fresh dressing morning and night. For tender skin oil can be diluted 50% with olive oil.

Net Contents 2 Fl. Ozs.

"Colusa Remedy Co.
"1507 N. Wilcox Ave.
"Los Angeles, Calif."

VI. The labels which defendants have heretofore and are now attaching to containers of their product in capsule form for introduction and delivery for introduction into interstate commerce are in the words and figures following:

"Colusa
"Natural Oil
"A Natural
"Unrefined
"Petroleum Oil
"In Capsules For
"Internal Use

"Directions: Start with one capsule a day at bedtime, then after 3 or 4 days change to one capsule after each meal.

"100 Capsules

"Colusa Remedy Co.
"1507 N. Wilcox Ave.
"Los Angeles, Calif."

Conclusions of Law

I. Defendants Chester Walker Colgrove and Colusa Remedy Company, a Nevada corporation, are within the jurisdiction of this court.

II. The subject matter of this action is within the jurisdiction of this court.

III. Labeled as hereinabove found, defendants' product known as "Colusa Natural Oil," in both capsule and liquid form, is misbranded in the following particulars: That the labels fail to bear adequate directions for use, and thus violate the requirements of § 352(f) (1) of Title 21 of the United States Code Annotated and Regulation 2.106(a) of the Food and Drug Administration [21 C.F.R.(Cum.Supp.) § 2.106(a)].

IV. Plaintiff's motion for preliminary injunction should be granted and defendants should be enjoined and restrained, pending the hearing and determination of this action or until further order of the court, as set forth in the order granting motion for preliminary injunction filed herewith.